## SPECIALTY FOOD SYSTEMS, INC.

v.

## RELIANCE INSURANCE COMPANY OF ILLINOIS.

No. Civ.A. 98–2595.

United States District Court,
E.D. Louisiana.

Jan. 19, 1999.

Nelson W. Wagar, III, Vicki A. Turko, Chopin, Wager, Cole, Richard, Reboul & Kutcher, LLP, Metairie, LA, for Plaintiff.

James M. Garner, Martha Y. Curtis, Sher Garner Cahill Richter Klein McAlister & Hilbert, LLC, New Orleans, LA, for Defendant.

### Order

VANCE, District Judge.

This is a coverage dispute regarding a claims first made liability insurance policy. Plaintiff Specialty Food seeks a declaratory judgment that the policy covers an age discrimination claim asserted against it by a former employee. Defendant Reliance asserts that Specialty Food failed to provide timely notice of its claim. The parties have filed cross motions for summary judgment. Although the equities in this case favor Specialty Food, the Court is compelled to find for defendant.

### I. Background

On July 21, 1997, Specialty Food terminated Louise Davis' employment with the company. Davis filed a claim with the EEOC on November 3, 1997 charging Specialty Food with age discrimination. On November 7, 1997, Specialty Food received a "Notice of Charge of Discrimination" from the EEOC. This Notice informed Specialty Food that Davis filed an age discrimination claim with the EEOC, and it requested information related to the allegation. Davis formally filed suit against Specialty Food on December 22, 1997.

At the time Specialty Food terminated Davis, it carried a "claims first made" employment practices liability policy issued by Reliance. This policy covered Specialty Food from November 17, 1996 through November 17, 1997. Specialty Food also carried a Reliance policy effective November 17, 1997 through November 17, 1998. Except for their effective dates, the policies are identical.

The Reliance policies limit coverage to "acts for which claims are first made against the insured while the policy is in force and which are reported to the company no later than sixty (60) days after the termination of the policy period."

Reliance asserts that Specialty Food failed to provide timely notice of its claim. Specifically, Reliance contends that Davis first made a "claim" against Specialty Food when Specialty Food received the EEOC notice on November 7, 1997. This means that plaintiff's claim falls under its 1996–1997 policy. Specialty Food did not notify Reliance of the claim, however, until January 21, 1998, more than 60 days after

the November 17, 1997 termination of the policy period.

In response, Specialty Food asserts that Davis did not make a "claim" until she filed suit on December 22, 1997. Under this theory, the claim falls under the 1997–1998 policy, and Specialty Food's notice to Reliance was well within the policy limits.

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986). The court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2552; *Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

### B. Contract Interpretation

■ In Louisiana, ambiguity in insurance contracts must be resolved in favor of the insured. *Louisiana Insurance Guaranty Ass'n v. Interstate Fire & Casualty Co.*, 630 So.2d 759, 763 (La.1994). However, interpretation of insurance policies "does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating ambiguity where none exists ..." *Reynolds v. Select Properties, Ltd.*, 634 So.2d 1180, 1183 (La. 1994). Moreover, insurance companies have the right to limit coverage in any manner they desire, "so long as the limitations do not conflict with statutory provisions or public policy." *Id.*

In this case, the parties dispute the insurance policies' definition of a "claim." The resolution of this dispute is dispositive because Specialty Food's notice was untimely if the EEOC charge constitutes a "claim" first made for the purpose of coverage.

The policy itself defines the word claim. It states: "Claim means any written demand or notice received by an Insured from a person or from any administrative agency advising that it is the intention of a person to hold the Insured responsible for the consequences of a Wrongful Employment Practice and includes any demand received by an Insured for damages and/or the service of suit." This definition clearly includes notice from an administrative agency of the type at issue here.

Nonetheless, Specialty Food argues that both the language of the policy and prior case law render the contract's definition of a claim ambiguous. Plaintiff's creative attempts to uncover an ambiguity, however, do not suffice to overcome the plain language of the contract.

#### 1. Policy Language

■ Plaintiff argues that the policy could be interpreted to define a claim as requiring both notice and a demand for damages. Since the EEOC notice did not include a demand for damages or compensation, plaintiff argues that it therefore did not constitute a claim.

Specialty Food bases this argument on the use of the word "and" in the contract. The policy defines a claim as "any written demand or notice received by an Insured from a person or from any administrative agency ... **and** includes any demand received by an Insured for damages and/or the service of suit." (emphasis added).

Plaintiff asserts that the highlighted conjunctive creates ambiguity as to whether both notice and a demand are required. However, defendant correctly explains that the phrase "and includes" does not denote a dual requirement of notice and demand but is merely illustrative of the types of written demands or notices that constitute a claim.

Although ambiguities in insurance policies favor the insured, no ambiguity exists in this case. Moreover, Specialty Food has not cited any statutory provision or public policy that conflicts with the policies' definition of a claim.

### 2. Case Law

Specialty Food cites the following cases to support the proposition that a claim includes both notice and a demand:

- *Bensalem v. Western World Insurance Co.*, 609 F.Supp. 1343 (E.D.Pa.1985) (under claims made policy, EEOC charge is not a claim because it does not include a demand);
- *Federal Deposit Insurance Corp. v. Booth*, 82 F.3d 670 (5th Cir.1996) (term "claims" in a D & O policy does not include FDIC investigation but requires the filing of a lawsuit);
- *Jensen v. Snellings*, 841 F.2d 600 (5th Cir.1988) (notice of claim clause in professional liability policy requires that a claim be in the nature of an actual demand for something on the ground of a right);
- *Hoyt v. St. Paul Fire & Marine Ins. Co.*, 607 F.2d 864 (9th Cir.1979) (letter received by insured attorney within policy period did not constitute a claim for

purposes of professional liability claims made policy);
- *Stratford School District v. Employers Reinsurance Corp.*, 105 F.3d 45 (1st Cir. 1997) (subpoena issued by Department of Education seeking information regarding sexual misconduct of a former teacher did not constitute notice for purposes of claims made policy);
- *St. Paul Fire and Marine Ins. Co. v. Missouri United School Ins. Council,* 98 F.3d 343 (8th Cir.1996) (holding that a "claim" and a "suit" are equal under a claims made policy).

None of these cases involves a policy that internally defines the term "claim." Accordingly, they are inapposite here In fact, plaintiff has failed to cite any case that interprets policy language similar that at issue. The Court is therefore compelled to apply the plain language of the policy and find that its definition of claim encompasses the EEOC notice in question.

### III. Conclusion

For the foregoing reasons, the Court grants defendant's motion for summary judgment and denies plaintiff's motion.